STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

| | |
|---|---|
| DERRICK GARRETT<br>961 Ridge Road<br>Lackawanna, New York 14218 | Index No.<br><br>**SUMMONS** |
| Plaintiff,<br>vs. | Plaintiff designated Erie<br>County as place of trial. |
| CITY OF LACKAWANNA<br>714 Ridge Road<br>Lackawanna, New York 14218 | Venue is based upon<br>Plaintiff's residence:<br>961 Ridge Road<br>Lackawanna, New York 14218 |
| LACKAWANNA POLICE DEPARTMENT<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| POLICE OFFICER(S) JOHN DOE(S)<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:   Buffalo, New York
         March 2, 2023                          PENBERTHY LAW GROUP LLP

                                                *s/ Brittany L. Penberthy, Esq.*

Brittany L. Penberthy, Esq.
Attorneys for Plaintiff
Office and P.O. Address
227 Niagara Street
Buffalo, New York 14201
(716) 803-8402

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

| | |
|---|---|
| DERRICK GARRETT<br>961 Ridge Road<br>Lackawanna, New York 14218 | Index No.<br><br>**COMPLAINT** |
| Plaintiff, | |
| vs. | |
| CITY OF LACKAWANNA<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| LACKAWANNA POLICE DEPARTMENT<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| POLICE OFFICER(S) JOHN DOE(S)<br>714 Ridge Road<br>Lackawanna, New York 14218 | |
| Defendants. | |

Plaintiff, above named, by his attorneys, PENBERTHY LAW GROUP LLP, for his Complaint against the defendants, CITY OF LACKAWANNA, LACKAWANNA POLICE DEPARTMENT, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S).

## FACTS COMMON TO ALL CAUSES OF ACTION

1. The Plaintiff, DERRICK GARRETT, at all times hereinafter mentioned was and still is a resident of the City of Lackawanna, located within the County of Erie and the State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF LACKAWANNA, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, the defendant, LACKAWANNA POLICE DEPARTMENT, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, the defendant, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, was and still is a resident of the County of Erie and the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, the defendant, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, was and still is a resident of the County of Erie and the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER(S) JOHN DOE(S), was and still is a resident of the County of Erie and the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S), were employed by the defendants, CITY OF LACKAWANNA and/or LACKAWANNA POLICE

DEPARTMENT, as police officers, and at all relevant times mentioned herein was acting in their capacity as police officers in accordance with the policies, directives, initiatives, both express, implied and as a matter of custom of the municipal defendants CITY OF LACKAWANNA and/or LACKAWANNA POLICE DEPARTMENT.

8. Upon information and belief, at approximately 1:00 a.m. on January 27, 2022, Plaintiff DERRICK GARRETT, was lawfully and properly residing in his home on Ridge Road in the City of Lackawanna, County of Erie and State of New York, when LACKAWANNA POLICE DEPARTMENT, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) did enter his home and begin to search his home without probable cause or proper authority to do so, ultimately causing unlawful injury to Plaintiff in attempting to restrain Plaintiff.

9. Upon information and belief, the incident hereinbefore described and the resultant damages sustained here caused as a result of the negligence, carelessness, reckless disregard and/or unlawful conduct on the part of the agents, servants and/or employees of the CITY OF LACKAWANNA, and LACKAWANNA POLICE DEPARTMENT.

**AS AND FOR A FIRST CAUSE OF ACTION, COMMON LAW
FALSE ARREST, AGAINST DEFENDANTS, ABOVE-NAMED,
THE PLAINTIFF, DERRICK GARRETT, ALLEGES:**

10. The allegations in this Complaint as stated in paragraphs "1" through "9" are repeated and realleged herein as if restated in their entirety.

11. On or about January 27, 2022, Defendants CITY OF LACKAWANNA, LACKAWANNA POLICE DEPARTMENT, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE

OFFICER(S) JOHN DOE(S) falsely and unlawfully seized and arrested the plaintiff, without probable cause or privilege to do so.

12. This action falls within one or more of the exceptions set forth in CPLR § 1602.

13. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION, § 1983 FALSE ARREST, AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, DERRICK GARRETT, ALLEGES:

14. The allegations in this Complaint as stated in paragraphs "1" though "13" are repeated and realleged herein as if restated in their entirety.

15. On or about January 27, 2022, Defendants BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S), acting in their official capacity as police officers, pursuant to the authority granted to them and pursuant to the policies, initiates, directives, express and implied of the municipal defendants, CITY OF LACKAWANNA and LACKAWANNA POLICE DEPARTMENT, and while acting under color of state law, without probable cause or legal privilege or justification to do so, unlawfully confined, handcuffed, took into custody, transported via motor vehicle and effectuated the arrest of the Plaintiff, DERRICK GARRETT, in violation of his First, Fourth, and Fourteenth Amendment rights under the Federal Constitution, actionable against said defendants under 42 U.S.C. § 1983.

16. Upon information and belief, the Defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) in their actions both severally or in concert,

intended to confine the Plaintiff, the Plaintiff was conscious of the confinement, the Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

17. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION, COMMON LAW FALSE IMPRISONMENT, AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, DERRICK GARRETT, ALLEGES:

18. The allegations in this Complaint as stated in paragraphs "1" through "17" are repeated and realleged herein as if restated in their entirety.

19. Defendants CITY OF LACKAWANNA, LACKAWANNA POLICE DEPARTMENT, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) falsely and unlawfully imprisoned the plaintiff, without his consent and without privilege or lawful justification

20. This action falls within one or more of the exceptions set forth in CPLR § 1602.

21. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION, § 1983 FALSE IMPRISONMENT, AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, DERRICK GARRETT, ALLEGES:

22. The allegations in this Complaint as stated in paragraphs "1" though "21" are repeated and realleged herein as if restated in their entirety.

23. Upon information and belief, on or about the 27th day of January, 2022, and for a period of time thereafter, the defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) and or together with additional police officers, peace officers, servants and other employees were employed by defendants CITY OF LACKAWANNA and/or LACKAWANNA POLICE DEPARTMENT, present and engaged in their various duties of employment within the CITY OF LACKAWANNA, whose names, identities, and party statuses as yet remain to be determined, unlawfully detained, imprisoned, and unconstitutionally deprived the Plaintiff, DERRICK GARRETT, of his liberty by confining him before, during and after his unconsented transport by BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and/or POLICE OFFICER(S) JOHN DOE(S) from 961 Ridge Road, City of Lackawanna, New York, all while in police custody, and whose freedom was extinguished until his release from custody, all in violation of his First, Fourth, and Fourteenth Amendment Rights under the Federal Constitution, actionable under Title 42 of the United States Code § 1983.

24. This action falls within one or more of the exceptions set forth in CPLR § 1602.

25. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION, COMMON LAW ILLEGAL SEARCH, AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, DERRICK GARRETT, ALLEGES:

26. The allegations in this Complaint as stated in paragraphs "1" through "25" are repeated and realleged herein as if restated in their entirety.

27. Defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S), jointly and severally, and at all times acting under the color of State Law, unlawfully searched the person and property of Plaintiff where the Defendants lacked any founded suspicion criminal activity was afoot, reasonable suspicion, or probable cause to search the Plaintiff's person or property.

28. Said searches constituted violation of Plaintiff's Federal Constitutional Fourth Amendment rights via the Fourteenth Amendment, actionable under 42 U.S.C. § 1983.

29. A s a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR AN SIXTH CAUSE OF ACTION, UNLAWFUL DEPPRIVATION OF PROPERTY, AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, DERRICK GARRETT, ALLEGES:**

30. The allegations in this Complaint as stated in paragraphs "1" through "29" are repeated and realleged herein as if restated in their entirety.

31. Defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) acted negligently in failing to exercise a reasonable degree of care in searching the Plaintiff's person and property and assaulting the Plaintiff's person.

32. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SEVENTH CAUSE OF ACTION, BATTERY, AGAINST DEFENDANTS, ABOVE-NAMED,**

**THE PLAINTIFF, DERRICK GARRETT, ALLEGES:**

33. The allegations in this Complaint as stated in paragraphs "1" through "32" are repeated and realleged herein as if restated in their entirety.

34. Defendants BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) made offensive contact with the person of plaintiff, that Defendants BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) intended to make offensive contact without the Plaintiff's consent when he was physically assaulted by defendants BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S).

35. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR AN EIGHTH CAUSE OF ACTION, NEGLIGENT HIRING, TRAINING AND SUPERVISION, AGAINST DEFENDANTS, CITY OF LACKAWANNA AND LACKAWANNA POLICE DEPARTMENT, ABOVE-NAMED, THE PLAINTIFF, DERRICK GARRETT, ALLEGES:**

36. The allegations in this Complaint as stated in paragraphs "1" through "35" are repeated and realleged herein as if restated in their entirety.

37. Upon information and belief, Defendants CITY OF LACKAWANNA and LACKAWANNA POLICE DEPARTMENT employed Defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S), and Defendants CITY OF LACKAWANNA and LACKAWANNA POLICE DEPARTMENT knew or should have known

of the Defendants' BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) propensity for and history of the conduct causing injury prior to the occurrence on the date of incident, including assault and battery, and negligently supervised, trained, hired, and retained said Defendants to their positions of employment.

38. The torts committed by Defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S), were committed in the scope of the Defendants BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) employment.

39. This action falls within one or more of the exceptions set forth in CPLR § 1602.

40. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR AN NINTH CAUSE OF ACTION, PRIVATE NUISANCE AND TRESPASS, AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, DERRICK GARRETT, ALLEGES:**

41. The allegations in this Complaint as stated in paragraphs "1" through "40" are repeated and realleged herein as if restated in their entirety.

42. On or about January 27, 2022, Plaintiff was within his residence, said premises known as 961 Ridge Road, Lackawanna, New York 14218, when he was caused injury by the unlawful search, seizure, assault and battery committed against him by the Defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) acting on

behalf of Defendants CITY OF LACKAWANNA and LACKAWANNA POLICE DEPARTMENT, and entering the residence without proper cause.

43. As a result of the acts of Defendants, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S), Plaintiff's use and enjoyment of his home and property was temporarily-substantially and unreasonably interfered with.

44. That by reason and the removal of Plaintiff from his own property, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S), within their employment with Defendants, CITY OF LACKAWANNA and LACKWANNA POLICE DEPARTMENT, breached their duty to Plaintiff to exercise reasonable care in their acts towards and near the Plaintiff to prevent foreseeable injury that has occurred on the Plaintiff's property, and as a result there, Plaintiff was injured. Plaintiff has had to expend sums in connection with the losses sustained, and temporarily lost the use and enjoyment of his residence by being forcefully removed from the same, and further, being placed in fear of sustaining personal injuries and sustaining personal injuries as a result thereof.

45. The negligence in assaulting, battering and unlawfully and forcefully removing the Plaintiff from his residence as aforementioned, constitutes a private nuisance and civil trespass, caused Plaintiff serious injuries and made habitation of the residence temporarily impracticable.

46. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

47. As a result of the foregoing, the Plaintiff, DERRICK GARRETT, further claims punitive damages against the Defendants, CITY OF LACKAWANNA, LACKAWANNA POLICE DEPARTMENT, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S) in the aforementioned causes of action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants, CITY OF LACKAWANNA, LACKAWANNA POLICE DEPARTMENT, BRENT D. NOSTRANT, LACKAWANNA POLICE OFFICER, MARCUS D. RIVERS, LACKAWANNA POLICE OFFICER, and POLICE OFFICER(S) JOHN DOE(S), in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth, Causes of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action

DATED:    Buffalo, New York
          March 2, 2023                                PENBERTHY LAW GROUP LLP

                                                       *s/ Brittany L. Penberthy, Esq.*
                                                       Brittany L. Penberthy, Esq.
                                                       Attorneys for Plaintiff
                                                       Office and P.O. Address
                                                       227 Niagara Street
                                                       Buffalo, New York 14201
                                                       (716) 803-8402