UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DERRICK GARRETT,

                    Plaintiff,

      v.

CITY OF LACKAWANNA, CITY OF
LACKAWANNA POLICE DEPARTMENT,
BRENT D. NOSTRANT*, Lackawanna Police
Officer*, MARCUS D. RIVERS, *Lackawanna
Police Officer*, and POLICE OFFICER(S)
JOHN DOE(S),

                  Defendants

_____

**DECISION AND ORDER**

1:23-CV-00377 EAW

## <u>INTRODUCTION</u>

Plaintiff Derrick Garrett ("Plaintiff") has sued defendants City of Lackawanna (the "City"), City of Lackawanna Police Department (the "LPD"), Lackawanna Police Officer Brent F. Nostrant ("Officer Nostrant") and Lackawanna Police Officer Marcus D. Rivers ("Officer Rivers") (collectively "Defendants") for having allegedly entered and searched his home without authority or probable cause, restraining and injuring him in the process. (Dkt. 1-1). Defendants have moved for judgment on the pleadings (Dkt. 14), and Plaintiff has cross-moved for leave to amend (Dkt. 18). For the reasons below, the Court grants in part and denies in part Defendants' motion for judgment on the pleadings and denies Plaintiff's cross-motion for leave to amend.

- 1 -

## FACTUAL BACKGROUND

The facts below are taken from the complaint.  (Dkt. 1-1).  As is required at this stage of the proceedings, Plaintiff's well-pleaded factual allegations are accepted as true.

At all relevant times, Plaintiff was a resident of the City, which is located in Erie County.  (Dkt. 1-1 at ¶ 1).  At around 1:00 a.m. on January 27, 2022, Plaintiff was lawfully residing in his home within the City when Officers Nostrant and Rivers, along with other John Doe LPD officers, entered and began to search "without probable cause or proper authority to do so."  (*Id*. at ¶ 8).  The officers attempted to restrain Plaintiff, injuring him in the process.  (*Id*.).  The officers seized and arrested Plaintiff, placing him in handcuffs, taking him into custody, and transporting him via motor vehicle to be processed.  (*Id*. at ¶¶ 11, 15, 23).

## PROCEDURAL BACKGROUND

Plaintiff originally commenced this action in New York State Supreme Court, Erie County, on March 2, 2023.  (Dkt. 1).  Defendants removed the case to this Court on May 1, 2023, and filed an answer on May 2, 2023.  (Dkt. 1; Dkt. 4).

The undersigned referred the matter to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all pretrial matters excluding dispositive motions.  (Dkt. 5).  Judge Schroeder entered a case management order that, among other things, set the deadline for motions to amend the pleadings as September 29, 2023.  (Dkt. 9).  The case management order provides that "[e]xtensions [of the dates set forth therein] will only be considered for meritorious reasons."  (*Id*. at ¶ 13).

Defendants filed the instant motion for judgment on the pleadings on November 10, 2023.  (Dkt. 14).  Plaintiff filed his opposing papers and cross-motion for leave to amend on December 4, 2023.  (Dkt. 18).  Defendants filed papers opposing Plaintiff's motion for leave to amend and in further support of their motion for judgment on the pleadings.  (Dkt. 22; Dkt. 23; Dkt. 24).[1]

## DISCUSSION

### I.  Motion to Amend

#### A.  Legal Standard

"A district court has broad discretion in determining whether to grant leave to amend[.]"  *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000).  Two provisions of the Federal Rules of Civil Procedure guide the Court's analysis of a motion for leave to amend where the deadline for such motions, as set forth in a scheduling order, has passed.[2]  The first is Rule 15(a)(2), which provides that once the time for leave to amend as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The second is Rule 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). "Where, as here, a scheduling order governs amendments to the complaint, . . . the lenient

---

[1]      Defendants also filed a motion to exceed the page limit for replies.  (Dkt. 21).  That motion is hereby granted *nunc pro tunc*.

[2]      As explained above, the deadline to file motions for leave to amend the pleadings was September 29, 2023.  (Dkt. 14).  Plaintiff did not move for leave to amend until December 4, 2023, more than two months after that deadline.

standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations and citations omitted).

"In determining whether a movant has satisfied the 'good cause' standard under Rule 16(b), 'the primary consideration is whether the moving party can demonstrate diligence.'" *Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (quoting *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 244 (2d Cir. 2007)). Diligence is "not . . . the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244.

## B.   <u>Lack of Good Cause</u>

Plaintiff has failed to demonstrate good cause for the untimely filing of his motion for leave to amend. Plaintiff's moving papers fail to acknowledge the lateness of his filing or to address the Rule 16(b)(4) standard at all, instead relying solely on the Rule 15(a)(2) standard. (Dkt. 18-3 at 21-22). When an untimely motion for leave to amend is filed, "[t]he standards of Rule 16(b) must be met first and cannot be short-circuited by an appeal to those of Rule 15(a)." *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co*., No. 02 CIV. 1230 (LMM), 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006) (quotation omitted).

Plaintiff has not acted with diligence, because the proposed amendments are based on information that was or should have been available prior to expiration of the deadline. *See Wade v. Kay Jewelers, Inc.*, No. 3:17-CV-990 (MPS), 2018 WL 3553340, at *1 (D. Conn. July 24, 2018) ("A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline."). Plaintiff states that "the amendments proposed are those same that have always been known or previously alleged, just now with greater specificity." (Dkt. 18-3 at 21). There is no reason that Plaintiff could not have sought to add additional specificity to the complaint before the deadline set by Judge Schroeder.

Plaintiff argues that "there can be no genuine prejudice suggested by the defense[.]" (*Id.*). But "the absence of prejudice alone does not constitute good cause under Rule 16." *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (affirming denial of motion for leave to amend where the plaintiffs delayed three months in seeking leave to amend after learning facts supporting new cause of action); *see also Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11 CV 726 CBA RLM, 2012 WL 3306612, at *4 (E.D.N.Y. Aug. 13, 2012) ("Although the plaintiffs continue to insist that the filing of an amended complaint would not prejudice the defendants, lack of prejudice alone is typically insufficient to demonstrate 'good cause' under Rule 16[.]"). Plaintiff has identified no reasons why this is a case in which lack of prejudice alone could be deemed sufficient to satisfy the Rule 16 good cause standard.

Further, Defendants "bear[] no burden on this motion—it is plaintiff's burden to show good cause under Rule 16(b)(4)[.]" *Villa v. Sw. Credit Sys., L.P.*, No. 19-CV-01701

JLS JJM, 2020 WL 3808911, at *3 (W.D.N.Y. June 10, 2020) (quotation omitted), *adopted*, 2020 WL 3802936 (W.D.N.Y. July 7, 2020).   Under Rule 16(b)(4), it is not incumbent on Defendants to show prejudice—it is Plaintiff's burden in the first instance to demonstrate good cause.

Plaintiff's failure to identify <u>any</u> facts supporting a finding of diligence compels the denial of his motion for leave to amend.   Indeed, Plaintiff does not even try to demonstrate diligence.   Granting leave to amend under these circumstances "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to prevent this situation."   *In re Perrigo Co. PLC Sec. Litig.*, No. 19CV70 (DLC), 2021 WL 517441, at *2 (S.D.N.Y. Feb. 10, 2021).   The Court cannot simply ignore Rule 16's good cause requirement and so Plaintiff's untimely motion for leave to amend is denied.   *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[I]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." (citation omitted)).

## II.   **Motion for Judgment on the Pleadings**

### A.   **Legal Standard**

"Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008).   "In deciding a Rule 12(c) motion for judgment on the pleadings, the court should

'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

B.     **Plaintiff's Claims**

Plaintiff's complaint contains the following claims: (1) common law false arrest; (2) false arrest under 42 U.S.C. § 1983; (3) common law false imprisonment; (4) false imprisonment under § 1983; (5) illegal search under § 1983[3]; (6) "unlawful deprivation of property" based on negligence; (7) battery; (8) negligent hiring, training, and supervision against the City and the LPD; and (9) private nuisance and trespass.  (Dkt. 1-1 at ¶¶ 10-47).   Defendants argue that: (1) Plaintiff's false arrest, false imprisonment, and illegal search claims must be dismissed because he entered in a plea agreement "which unequivocally establishes probable cause"; (2) Plaintiff has not stated a § 1983 claim against the City under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); (3) Plaintiff's state law claims must be dismissed because he did not comply with the notice requirements set forth in the New York General Municipal Law; (4) Plaintiff has failed to state a claim for battery; (5) Plaintiff has failed to state a claim for negligent hiring, training, and supervision; (6) Plaintiff has failed to state a claim for trespass and private nuisance; (7) Plaintiff cannot assert a negligence-based claim based on an arrest or prosecution; (8) Plaintiff's state law intentional tort claims against the individual defendants are untimely; (9) Defendants are entitled to governmental immunity

---

[3]     This cause of action is entitled "COMMON LAW ILLEGAL SEARCH."  But in the text of this cause of action, Plaintiff asserts that Officers Nostrant and Rivers (and the John Doe defendants) unlawfully searched his person and property despite lacking "any founded suspicion criminal activity was afoot, reasonable suspicion, or probable cause" and that these searches "constituted violation of Plaintiff's Federal Constitutional Fourth Amendment rights via the Fourteenth Amendment, actionable under 42 U.S.C. § 1983." (Dkt. 1-1 at ¶¶ 27-28).  The Court construes the fifth cause of action as asserting a claim for unlawful search in violation of the Fourth Amendment under § 1983.

as to Plaintiff's state law claims; (10) the LPD is not capable of being sued and the claims against it must be dismissed; (11) punitive damages are not available against the City; and (12) Defendants are entitled to qualified immunity.  (Dkt. 14-4 at 12-28).

For the reasons below, the Court dismisses all claims against the LPD because that entity lacks the capacity to sue or be sued under New York law.  The Court also finds that Plaintiff's state law claims against the City and the individual defendants in their official capacities must be dismissed for failure to comply with the notice requirements set forth in the New York General Municipal Law.

As to Plaintiff's state law claims against Officers Nostrant and Waters in their individual capacities, the Court agrees with Defendants that the claims for "unlawful deprivation of property" (negligence) and private nuisance cannot proceed on the facts alleged by Plaintiff.  But the Court disagrees that Defendants are entitled to judgment on the pleadings as to the claims for false imprisonment, false arrest, battery, and trespass.

As to Plaintiff's § 1983 claims, the Court agrees with Defendants that no viable claim has been alleged as to the City under *Monell*, but concludes that Plaintiff's § 1983 claims are adequately alleged against Officers Nostrant and Rivers in their individual capacities.  The Court also finds that Officers Nostrant and Rivers are not entitled to qualified immunity at this stage of the proceedings.

### 1.    Claims Against the LPD

Plaintiff has named the LPD as a defendant in this action.  "It is well-established that under New York law—which applies here pursuant to Federal Rule of Civil Procedure 17(b)(3)—a police department is an administrative arm of a municipality that lacks the

capacity to sue or be sued." *Ortiz v. Wagstaff*, 523 F. Supp. 3d 347, 357 (W.D.N.Y. 2021). Plaintiff has offered no reason why this rule should not apply here, and his claims against the LPD must be dismissed.

### 2.   State Law Claims Against the City

Plaintiff's first, third, sixth, seventh, eighth, and ninth causes of action are asserted under New York law. "The general rule in federal court is that 'state notice-of-claim statutes apply to state-law claims.'" *Carter v. Broome Cnty.*, 394 F. Supp. 3d 228, 246 (N.D.N.Y. 2019) (citing *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999)). "Pursuant to New York General Municipal Law § 50-e, a plaintiff who asserts a state law tort claim against a municipal entity must file a notice of claim within ninety days after the incident giving rise to the claim." *Kuiken v. Cnty. of Hamilton*, 669 F. Supp. 3d 119, 131 (N.D.N.Y. 2023).[4]  New York General Municipal Law § 50-i in turn "requires a plaintiff to plead in the complaint that: (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has neglected to or refused to adjust or to satisfy

---

[4]  "[T]he requirements of General Municipal Law §§ 50-e and 50-i apply with equal force to state law claims against municipal employees," but not to "claims asserted against municipal employees in their individual capacities that allege injuries resulting from intentional wrongdoing or recklessness." *Kuiken*, 669 F. Supp. 3d at 131 (quotation omitted).  The parties have not briefed whether Plaintiff's claims against Officers Nostrant and Rivers in their individual capacities are subject to the notice of claim requirements. Because Defendants bear the burden on the instant motion, the Court will assume that they are not.  However, any claims against Officers Nostrant and Rivers in their official capacities are "in all respects other than the name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  The Court thus includes all claims asserted against the individual defendants in their official capacities as claims against the City.

the claim." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (emphasis added).

"Notice of claim requirements are construed strictly by New York state courts" and "[f]ailure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Id*. at 794 (quotation and citations omitted); *see also Wang v. Bethlehem Cent. Sch. Dist.*, No. 1:21-CV-1023 LEKDJS, 2022 WL 3154142, at *16 (N.D.N.Y. Aug. 8, 2022) ("New York Courts apply the requirements of the notice of claim laws strictly, even if the results are harsh."). Failure to comply with the notice of claims requirements may not be excused "simply because no prejudice has resulted." *Parochial Bus Sys., Inc. v. Bd. of Educ. of City of N.Y.*, 60 N.Y.2d 539, 548 (1983).

Plaintiff's complaint fails to comply with General Municipal Law § 50-i, because it does not allege that Plaintiff served a notice of claim, that at least 30 days have elapsed since the notice was filed, and that in that time the City neglected to or refused to adjust or pay the claim. Plaintiff does not dispute that he failed to satisfy this pleading requirement, but contends that "Defendants do not claim to have been prejudiced by Plaintiff's technical pleading error." (Dkt. 18-3 at 13). Whether Defendants have been prejudiced is not the relevant inquiry and provides no basis for the Court to disregard New York's notice of claim requirements.

Plaintiff also contends that he should be permitted to cure his pleading failure via amendment. (*Id*.). But as detailed above, Plaintiff has not complied with the deadline for moving to amend his complaint, and has neither addressed nor offered any reason for this failure. Notably, Defendants raised Plaintiff's failure to comply with the General

Municipal Law as an affirmative defense in their answer. (*See* Dkt. 4 at 8). Plaintiff was accordingly on notice of this issue well before the deadline for seeking amendment expired and yet made no effort to do so. For all the reasons previously set forth, Plaintiff has not shown good cause for allowing amendment of his complaint at this point in the proceedings.

In sum, Plaintiff has not complied with New York's notice of claim requirements, he has failed to set forth any cause for his failure, and he has not shown that it would be appropriate to allow him to attempt to cure his failure via amendment at this time. His state law claims against the City and the individual defendants in their official capacities must be dismissed.

### 3. Individual Capacity State Law Claims Against Officers Nostrant and Rivers

#### a. Governmental Immunity

Defendants argue that Plaintiff's state law claims, including the claims against Officers Nostrant and Rivers in their individual capacities, are "barred under the doctrine of governmental immunity, which affords immunity to public employees 'where their alleged acts and omissions are discretionary, even if the acts arose out of malice.'" (Dkt. 14-4 at 26 (quoting *Moore v. Melesky*, 14 A.D.3d 757 (3d Dept. 2005)); *see Tango v. Tulevech*, 61 N.Y.2d 34, 40 (1983) ("[W]hen official action involves the exercise of discretion, the officer is not liable for the injurious consequences of that action even if resulting from negligence or malice.").

Defendants' argument fails to grapple with the fact that New York's governmental immunity doctrine "does not extend to situations where the employee, a police officer, violates acceptable police practice." *Ferreira v. City of Binghamton*, 975 F.3d 255, 271 (2d Cir. 2020), *certified question accepted*, 35 N.Y.3d 1105 (2020), *and certified question answered*, 38 N.Y.3d 298 (2022).   At this stage of the proceedings, the Court must reasonably infer from Plaintiff's allegations that Officers Nostrant and Rivers violated acceptable police practice when they unlawfully entered Plaintiff's home and arrested him without probable cause, injuring him in the process.   Under these circumstances, the Court cannot conclude as a matter of law that Plaintiff's state law claims against Officers Nostrant and Rivers in their individual capacities are barred by governmental immunity.

### b.   Statute of Limitations

Defendants also argue that Plaintiff's state law claims for false imprisonment, false arrest, and battery against Officers Nostrant and Rivers in their individual capacities are subject to a one-year statute of limitations under New York Civil Practice Law and Rules ("CPLR") 215(3), and are thus untimely.   The Court disagrees.   As another court in this District recently explained, "controlling Second Circuit precedent"—namely, *Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016)—holds that intentional tort claims against a municipal employee are subject to the one-year-and-90-day statute of limitations in General Municipal Law § 50-i, and not the one-year statute of limitations in CPLR 215(3). *D'Angelo v. City of Lockport*, No. 19-CV-221-LJV-MJR, 2023 WL 6810274, at *6 (W.D.N.Y. Oct. 16, 2023).   While "there are cases that hold otherwise," *id.*, those cases

fail to explain why *Rentas* is not controlling.  The Court finds the analysis in *D'Angelo* persuasive and agrees that the one-year-and-90-day statute of limitations applies.

Defendants do not dispute that Plaintiff's claims were filed within one year and 90 days of accrual.  The Court will therefore not dismiss any claims on the basis of the statute of limitations.

### c.      False Arrest and False Imprisonment

Defendants argue that Plaintiff's false arrest and false imprisonment claims "must be dismissed because the charges at issue are covered by a plea agreement, which unequivocally establishes probable cause." (Dkt. 14-4 at 12).  It is true that "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007); *see also Wong v. Yoo*, 649 F. Supp. 2d 34, 58 (E.D.N.Y. 2009) ("[A] claim for false arrest and imprisonment will fail where a defendant establishes that probable cause existed, as the existence of probable cause constitutes justification and is a complete defense to an action for false arrest and imprisonment.").

It is also true that "a guilty plea, even if to a lesser included offense under a charged violation, is fatal to a false arrest claim."  *Tretola v. Cnty. of Nassau*, 14 F. Supp. 3d 58, 68-69 (E.D.N.Y. 2014).  But where Defendants' argument fails is in demonstrating that Plaintiff entered into a plea agreement covering the conduct for which he was arrested on or about January 27, 2022.

- 14 -

Defendants have submitted to the Court a transcript of a plea hearing on May 10, 2023, in Erie County Court. (Dkt. 14-3). The Court will assume for the sake of argument that it can properly consider this transcript on a motion for judgment on the pleadings. The transcript shows that on May 10, 2023, Plaintiff pleaded guilty to one count of feloniously aggravated driving while intoxicated, arising out of an incident on October 29, 2022. (*Id.*). At the end of the plea hearing, the prosecutor made the following statement: "Judge, for the record, Mr. Garrett had a pending matter in the city of Lackawanna, a misdemeanor, and this plea will cover that." (*Id.* at 10). Neither the court nor defense counsel acknowledged or commented on this statement by the prosecutor. The prosecutor also did not mention this other pending matter earlier in the proceeding, when Plaintiff was asked, "were you promised anything by anyone else in order to get you to plead guilty to this crime?" and answered, "No." (*Id.* at 7).

The Court finds the transcript submitted by Defendants entirely inadequate to establish the existence of probable cause as a matter of law. Nothing in the transcript establishes that the referenced "pending matter in the city of the Lackwanna" involved the conduct at issue in this lawsuit. Nor does the transcript establish that "the charges at issue are covered by a plea agreement" (Dkt. 14-4 at 12), as Defendants have argued.

To be clear, it may be the case that Plaintiff entered into a plea agreement covering the charges arising out of the conduct at issue in this lawsuit. But on this record and at this stage of the proceedings, the Court cannot reach that conclusion, and Defendants are not entitled to judgment on the pleadings on this basis.

### d.   **Battery**

Defendants argue that Plaintiff's battery claim must be dismissed because: (1) it is conclusory; and (2) Plaintiff does not allege that the force used was excessive.  (Dkt. 14-4 at 21).  The Court is not persuaded by these arguments.

As to the first argument, Plaintiff's allegations are undeniably sparse.  This is perhaps unsurprising, inasmuch as this action was originally started in state court, where a different pleading standard applies.  Nonetheless, the facts alleged—that at about 1:00 a.m. on January 27, 2022, Officers Nostrant and Rivers entered Plaintiff's home without probable cause or any other authority and attempted to restrain him, injuring him in the process—are sufficient to state a claim for battery.  *See Torres-Cuesta v. Berberich*, 511 F. App'x 89, 91 (2d Cir. 2013) (to recover for battery under New York law, a plaintiff "must show that the defendant intentionally made wrongful physical contact with" him (quotation omitted)).

As to the second argument, "[u]nder New York law, . .  the use of *any* force during the course of an unlawful arrest gives rise to assault and battery claims against the arresting officer."  *Ivery v. Baldauf*, 284 F. Supp. 3d 426, 437 (W.D.N.Y. 2018) (emphasis in original).  Defendants' argument that Plaintiff was required to allege excessive force presupposes that the arrest was lawful.  But Plaintiff has alleged to the contrary, and the Court has concluded that this dispute cannot be resolved as a matter of law at this stage of the proceedings.  Plaintiff was therefore not required to plead excessive force in order to successfully state a claim for battery.

e.      **Trespass and Private Nuisance**

"Under New York law, trespass is the intentional invasion of another's property. . . .

To be liable, the trespasser need not intend or expect the damaging consequences of his

intrusion; rather, he need only intend the act which amounts to or produces the unlawful

invasion." *Scribner v. Summers*, 84 F.3d 554, 557 (2d Cir. 1996) (citations and quotations

omitted). "Law enforcement personnel acting lawfully in the furtherance of their duty are

excused from what may be otherwise trespassory acts." *Fernandez v. City of New York*,

457 F. Supp. 3d 364, 380 (S.D.N.Y. 2020) (alteration omitted and quoting *Hand v. Stray*

*Haven Humane Soc. & S.P.C.A., Inc.*, 21 A.D.3d 626, 628 (3d Dept. 2005)).

Defendants argue that Plaintiff has not stated a claim for trespass because "the

Defendants were clearly performing their legal duties when they entered the apartment and

arrested Plaintiff, and . . . had probable cause to do so." (Dkt. 14-4 at 24).  This argument

fails to accept Plaintiff's allegations as true, as is required at this stage of the proceedings,

and also relies on the probable cause assertion already rejected by the Court.   It is

accordingly not persuasive.

On the other hand, the Court agrees that Plaintiff has not alleged a viable claim for

private nuisance.   The elements for a claim of private nuisance under New York law are:

"(1) an interference substantial in nature, (2) intentional in origin, and (3) unreasonable in

character, (4) with a person's property right to use and enjoy land, (5) caused by another's

conduct in acting or failing to act." *Cangemi v. United States*, 13 F.4th 115, 136 (2d Cir.

2021) (citation and alteration omitted).   "[T]he interference must not be fanciful, slight or

theoretical, but certain and substantial, and must interfere with the physical comfort of the

ordinarily reasonable person." *Matteliano v. Skitkzi*, 85 A.D.3d 1552, 1553 (4th Dep't 2011) (quotation omitted).

Plaintiff has alleged no facts from which a rational factfinder could conclude that Officers Nostrant and Winters <u>substantially</u> interfered with his right to use and enjoy his property. Plaintiff has also cited no cases in which a New York court has recognized a private nuisance claim under comparable circumstances. The sole case that Plaintiff does cite, *Rojas v. Theobald*, No. 02-CV-3623 DRH/MLO, 2007 WL 2455133 (E.D.N.Y. Aug. 23, 2007), *aff'd sub nom. Rojas v. Schkoda*, 319 F. App'x 43 (2d Cir. 2009), is readily distinguishable. *Rojas* involved a property dispute between neighbors who shared a driveway, *id.* at *6, and is unrelated to the factual issues presented by this case.

### f.    <u>Unlawful Deprivation of Property</u>

Plaintiff's sixth cause of action is entitled "UNLAWFUL DEPRIVATION OF PROPERTY" and alleges that Officers Nostrant and Rivers "acted negligently in failing to exercise a reasonable degree of care in searching the Plaintiff's person and property and assaulting the Plaintiff's person." (Dkt. 1-1 at ¶ 31). Defendants argue that this claim must be dismissed because "New York does not, as a matter of public policy, recognize a claim for negligence arising out of an arrest or prosecution." (Dkt. 14-4 at 24 (quoting *Dollard v. City of N.Y.*, 408 F. Supp. 3d 231, 238-239 (E.D.N.Y. 2019))).

Plaintiff does not dispute that his sixth cause of action is improperly pled, instead seeking to amend it to a "§ 1983 Warrantless Entry" claim. (Dkt. 18-3 at 17). But the Court has already decided that Plaintiff has not satisfied the standard for leave to amend. Plaintiff has offered no argument that the sixth cause of action as currently pled is viable,

and the Court agrees with Defendants that it is not.  *See Watson v. United States*, 865 F.3d 123, 134 (2d Cir. 2017) ("[U]nder New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution.").

### 4.      Individual Capacity Federal Claims Against Officers Nostrant and Rivers

Defendants seek dismissal of Plaintiff's § 1983 claims against Officers Nostrant and Rivers in their individual capacities based on their argument regarding probable cause, and on the basis of qualified immunity.  As to probable cause, the Court has already rejected this argument for the reasons discussed above.

The Court finds Defendants' qualified immunity argument unavailing at this stage of the proceedings.  "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (citation omitted).  Although claims of qualified immunity "should be decided as early as possible in a case," issues of qualified immunity are "often best decided on a motion for summary judgment when the details of the alleged deprivations are more fully developed." *Walker v. Schult*, 717 F.3d 119, 130 (2d Cir. 2013).

It is clearly established that law enforcement may not enter an individual's home without probable cause or any other legal authority, and that law enforcement may not arrest an individual without any legal basis, which is what is alleged in the complaint.  The

Court cannot find that qualified immunity is available at this stage of the proceedings, and will not dismiss Plaintiff's claims on this basis.

**5.      Federal Claims Against the City**

Finally, the Court agrees with Defendants that Plaintiff has not pled a viable § 1983 claim against the City or the individual officers in their official capacities. Municipalities cannot be held vicariously liable under § 1983 for the constitutional torts of their employees, nor can they be subject to liability under § 1983 pursuant to a theory of *respondeat superior. See Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992); *Canton v. Harris*, 489 U.S. 378, 385 (1989). Instead, when a plaintiff seeks to impose liability on a municipality, he must allege that the constitutional violation was caused by "action pursuant to official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60, (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). "Importantly, courts have dismissed custom or practice *Monell* claims that rely solely on one instance of conduct to prove the existence [of] a persistent and widespread custom. In fact, the very foundation of *Monell* liability rests upon the notion that 'isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify liability.'" *Vasquez v. City of N.Y.*, No. 20-CV-4641 (ER), 2023 WL 8551715, at *4 (S.D.N.Y. Dec. 11, 2023) (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012)); *see also Treadwell v. Cnty. of Putnam*, No. 14 Civ. 10137 (KMK), 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) ("*Monell* liability does not derive from individual incidents of wrongdoing by non-policymakers."); *Balchan v. City Sch. Dist. of New Rochelle*, No. 21-CV-04798 (PMH),

2023 WL 4684653, at *7 (S.D.N.Y. July 21, 2023) ("[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere [government] employee. . . .").

Plaintiff's complaint alleges the existence of a custom or policy in entirely conclusory terms. (*See* Dkt. 1-1 at ¶¶ 7, 15). This is insufficient to state a claim under *Monell*. *See Banker v. Cnty. of Livingston*, 782 F. Supp. 2d 39, 47 (W.D.N.Y. 2011) ("The mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." (quoting *Zahra v. Town of Southold*, 48 F.3d 674,685 (2d Cir. 1995)).

Plaintiff also cannot state a *Monell* claim based only on the alleged conduct in his own case, as explained above. Plaintiff has identified no other alleged instances of unconstitutional conduct from which a policy or custom could be inferred. He has therefore not allege a viable § 1983 claim against the City.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for judgment on the pleadings (Dkt. 14) as to Plaintiff's claims against the City of Lackawanna, the Lackawanna Police Department, and the individual defendants in their official capacities, and as to Plaintiff's claims for unlawful deprivation of property and private nuisance against Officers Nostrant and Rivers in their individual capacities. The Court denies Defendants' motion for judgment on the pleadings as to the remaining claims against Officers Nostrant and Rivers in their individual capacities. The Court denies Plaintiff's cross-motion for leave to amend the complaint. (Dkt. 18). The Clerk of Court is directed

to terminate the City of Lackawanna and the Lackawanna Police Department as defendants in this matter.

    SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  July 31, 2024
        Rochester, New York